```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EARL D. HICKSON, | |
| Plaintiff, | Civil Action No. 08-cv-2407 (NLH)(KMW) |
| v. | **MEMORANDUM & ORDER** |
| MARINA ASSOCIATES, et al., | |
| Defendants. | |

**APPEARANCES**:

Earl D. Hickson
719 B Kentucky Avenue
Atlantic City, N.J. 08401
*Pro Se*

Christopher C. Mauro, Esquire
Camacho Mauro Mulholland, L.L.P.
350 Fifth Avenue, Suite 5101
New York, N.Y. 10118
*Attorney for Defendants Marina Associates, Harrah's Hotel and Casino, Anna Haag, and Vance Thompson*

Kathleen M. Bartus, Esquire
State of New Jersey Department of Law and Public Safety
Richard J. Hughes Justice Complex
P.O. Box 116
Trenton, N.J. 08625
*Attorney for Defendants State of New Jersey Division of Gaming Enforcement, Josh Lichtblau, Mark Kosko, and George Morton, Esq.*

**HILLMAN, District Judge**

THIS MATTER having come before the Court upon the motion of Plaintiff, Earl D. Hickson, for relief from a final judgment or order, specifically this Court's Opinion and Order dated September 27, 2010, which denied his motion for summary judgment, and granted in part and denied in part the motions for summary

judgment filed by Defendants, Marina Associates, doing business as Harrah's Casino Hotel Atlantic City, Vance Thompson, and Anne Haag (collectively, "Casino Defendants")[1] and the New Jersey Division of Gaming Enforcement, Josh Lichtblau, Mark Kosko, and George Morton (collectively, "State Defendants"); and

This matter also having come before the Court upon Hickson's motion for default judgment; and

Federal Rule of Civil Procedure 60(b)[2] providing that "the court may relieve a party . . . from a final judgment, order, or proceeding" on the grounds of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] In its Opinion, the Court noted that Defendant, Alexander Lovas, has not appeared in this case and is not represented by counsel for the other Casino Defendants.  Nevertheless, the Court concluded that for the same reasons applicable to the other Casino Defendants, Hickson could not pursue his federal claims against Lovas.

[2] On the docket, Hickson's motion was captioned as a "motion for reconsideration."  In a letter dated April 1, 2011, Hickson rejected the characterization of his motion as one for reconsideration and emphasized that he brought his motion pursuant to Federal Rules of Civil Procedure 54(b) and 60(b). Rule 54(b) concerns the issuance of a judgment when multiple claims or parties are involved in the litigation.  Given that summary judgment already was awarded, in part, to Defendants, the Court is unsure how Rule 54(b) applies under these circumstances to provide any relief to Hickson.  The Court, however, will address Hickson's motion pursuant to Rule 60(b).  Alternatively, the Court will also construe Hickson's motion as one for reconsideration pursuant to Local Civil Rule 7.1(i).

>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); and

The Court noting that, given the strong interest in the finality of judgments, "relief from a judgment under Rule 60 should be granted only in exceptional circumstances," Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978); and

Hickson, in his motion seeking relief from the Court's September 27, 2010 Opinion and Order, challenging the Court's reasoning and determinations articulated in its aforementioned Opinion and Order, including its decisions relating to sovereign immunity, qualified immunity, and the absence of any genuine issues of material fact; and

The Court finding that Hickson's motion, in large part, recasts the same arguments he previously advanced in his numerous, voluminous filings, which were reviewed and considered by the Court, and that, in essence, Hickson states his disagreement with the Court's findings and conclusions; and

The Court having already considered and addressed Hickson's

arguments in and as part of the September 27, 2010 Opinion; and

The Court further finding that -- with the exception of one claim as discussed *infra* -- Hickson does not persuasively present any "mistake, inadvertence, surprise, or excusable neglect," any newly discovered evidence, any fraud, misrepresentations, or misconduct, or any other reason to warrant the extraordinary relief under Rule 60(b); and

The Court further finding that the judgment in question is not void or been in any way satisfied, released, or discharged as contemplated by Rule 60(b); and

The Court noting that alternatively, it will construe Hickson's motion as a motion for reconsideration under Local Civil Rule 7.1(i); and

The Court noting that with respect to a motion for reconsideration, Local Civil Rule 7.1(i) provides that such a motion must be brought within fourteen (14) days after the entry of the order at issue and that it must set forth "the matter or controlling decisions which the party believes the Judge . . . has overlooked"; and

The Court further noting that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation and internal quotation marks omitted), and that a

judgment may be altered or amended only if the party seeking reconsideration shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," id.; and

The Court finding that Hickson has not presented any intervening change in the controlling law or any new evidence that was unavailable when the Court issued its Opinion dated September 27, 2010; and

The Court further finding that to the extent that Hickson reiterates his arguments in opposition to the specific findings or rulings articulated in the September 27, 2010 Opinion, Hickson's motion must be denied, see Jackson v. Chubb Corp., 2001 U.S. Dist. LEXIS 4684, at *22 (D.N.J. Mar. 21, 2001) ("Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court."); NL Indus., Inc. v. Comm. Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("[M]otions for reconsideration are an inappropriate avenue for relitigating matters which could have been adequately presented the first time."); Oritani Sav. & Loan Assoc. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990) ("A motion for reconsideration is improper when it is used to ask the Court to rethink what it had already thought through -- rightly or

5

wrongly." (citation and internal quotation marks omitted)); and

The Court further finding that -- with the exception of one claim as discussed *infra* -- Hickson has not sufficiently demonstrated that the Court committed any clear error of fact or law in its Opinion, or that he will suffer any manifest injustice as a result of the Court's Opinion; and

The Court noting the following things in response to several of Hickson's specific assertions and submissions:

    Hickson appears to argue that New Jersey law, *e.g.*, N.J.S.A. 59:3-2, provides a basis to overturn the Court's decision or should otherwise change the result reached in the Court's September 27, 2010 Opinion and Order.  The Court, however, did not address Hickson's state law claims as part of that Opinion and Order, and, in fact, instructed Hickson to articulate to the Court why it should not decline to exercise its supplemental jurisdiction over those state law claims moving forward; and

    Hickson asserts repeatedly that his pleadings sufficiently articulate the elements of colorable causes of action under 42 U.S.C. § 1983.  In a motion for summary judgment, however, the sufficiency of the pleadings is largely irrelevant.  The Court granted in part Defendants' motions for summary judgment not due to any insufficiencies in Hickson's complaint, but due to other considerations,

6

such as sovereign and qualified immunity, a paucity of evidence, and the absence of any genuine issues of material fact; but

The Court noting that, notwithstanding the analysis heretofore, Hickson alleged in his Third Amended Complaint that he suffered an illegal search; and

The Court further noting that Hickson alleged that Officer Kosko unlawfully searched his bag without his consent; and

The parties having not addressed this claim in their previous motions, and the Court having not addressed this claim in its September 27, 2010 Opinion; and

The Court liberally construing the complaint in favor of a *pro se* litigant; and

The Court finding that Hickson has stated a colorable cause of action pursuant to 42 U.S.C. § 1983 for an illegal search of his possessions; and

The Court concluding that Hickson may proceed with his Section 1983 claim for an unreasonable search and, in turn, his remaining state law claims; and

The Court reiterating that, notwithstanding the claim of unreasonable search, Hickson presents no other reason, whether it be mistake or excusable neglect, new evidence, a change in the law, or equitable considerations, justifying any alteration or amendment to the Court's aforementioned Opinion and Order; and

Hickson also seeking default judgment by virtue of his assessment that no issues of material fact exist in this case, that Defendants have not responded to his recent filings, and that he is entitled to judgment on his claims; and

Federal Rule of Civil Procedure 55 providing that obtaining a default judgment is a two-step process –- first, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b); and

The Court noting that "entry of a default judgment is left primarily to the discretion of the district court," Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984), and "that the party making the request is not entitled to a default judgment as of right," Franklin v. Nat'l Maritime Union, 1991 U.S. Dist LEXIS 9819, at **3-4 (D.N.J. 1991) (citation and internal quotation marks omitted); and

The Court finding that Defendants have appeared in this matter, answered Hickson's complaints, participated in motion practice, and been awarded summary judgment; and

The Court further finding that to the extent Hickson

believes he is entitled to default judgment because Defendants did not respond to his "Verified Complaint" and "order to show cause" -- after having already filed a Third Amended Complaint several months earlier -- Defendants had responded to Hickson's prior complaints and had been granted summary judgment against Hickson's federal claims pursuant to the Court's Opinion and Order dated September 27, 2010, and therefore did not have to respond to the most recent "complaint"; and

The Court concluding that there is no basis on which default judgment should be granted at this time;

Accordingly,

IT IS on this ___29th___ day of ___June___, 2011, hereby

**ORDERED** that Plaintiff's motion seeking relief from the Court's Opinion and Order dated September 27, 2010 [Doc. # 67] is hereby **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that Plaintiff may proceed with his Section 1983 cause of action regarding an alleged unreasonable search of his possessions, as well as his state law claims; and it is further

**ORDERED** that Plaintiff's motion for default judgment [Doc. # 66] is hereby **DENIED**; and it is further

**ORDERED** that, in addition to electronic filing, this Order shall be sent via first-class mail to Plaintiff.

At Camden, New Jersey

/s/ NOEL L. HILLMAN
HON. NOEL L. HILLMAN, U.S.D.J.