UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EARL D. HICKSON,

        Plaintiff,

  v.

MARINA ASSOCIATES, et al.,

        Defendants.

Civil No. 08-2407 (NLH/KMW)

**OPINION**

**APPEARANCES:**

Earl D. Hickson
719 B Kentucky Avenue
Atlantic City, New Jersey 08401
    *Pro Se*

Christopher C. Mauro, Esquire
Camacho Mauro Mulholland, L.L.P.
350 Fifth Avenue, Suite 5101
New York, New York 10118
    *Attorney for Defendants Marina Associates, Harrah's Hotel and Casino, Anna Haag, and Vance Thompson*

Kathleen M. Bartus, Esquire
State of New Jersey Department of Law and Public Safety
Richard J. Hughes Justice Complex
P.O. Box 116
Trenton, New Jersey 08625
    *Attorney for Defendants State of New Jersey Division of Gaming Enforcement, Josh Lichtblau, Mark Kosko, and George Morton, Esq.*

**HILLMAN, District Judge**

    This matter comes before the Court by way of the motion of Defendants Josh Lichtblau, Mark Kosko, and George Morton, Esq. for summary judgment [Doc. No. 77]. Plaintiff did not file any


opposition to the pending motion.  The Court has considered the motion and decides this matter pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the motion for summary judgment is granted in part and denied in part.

I.    **JURISDICTION**

At this time, Plaintiff alleges one remaining federal constitutional claim pursuant to 42 U.S.C. § 1983, as well as several claims under New Jersey law.  This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367.

II.   **BACKGROUND**

The Court previously set forth the detailed factual background of this case by Opinion dated September 27, 2010, and only those facts relevant to the present motion are set forth below.  (See Op. [Doc. No. 64] 3-5, Sept. 27, 2010.)  In this action, Plaintiff originally alleged constitutional claims for malicious prosecution, false arrest, false imprisonment, abuse of process, and conspiracy, pursuant to 42 U.S.C. § 1983, as well as a claim pursuant to 42 U.S.C. § 1981.  (Op. [Doc. No. 64] 10-31, Sept. 27, 2010) (addressing Plaintiff's various federal claims).  Additionally, Plaintiff alleged several claims under New Jersey

opposition to the pending motion.  The Court has considered the motion and decides this matter pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the motion for summary judgment is granted in part and denied in part.

I.    **JURISDICTION**

At this time, Plaintiff alleges one remaining federal constitutional claim pursuant to 42 U.S.C. § 1983, as well as several claims under New Jersey law.  This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367.

II.   **BACKGROUND**

The Court previously set forth the detailed factual background of this case by Opinion dated September 27, 2010, and only those facts relevant to the present motion are set forth below.  (See Op. [Doc. No. 64] 3-5, Sept. 27, 2010.)  In this action, Plaintiff originally alleged constitutional claims for malicious prosecution, false arrest, false imprisonment, abuse of process, and conspiracy, pursuant to 42 U.S.C. § 1983, as well as a claim pursuant to 42 U.S.C. § 1981.  (Op. [Doc. No. 64] 10-31, Sept. 27, 2010) (addressing Plaintiff's various federal claims).  Additionally, Plaintiff alleged several claims under New Jersey

law.  (Id. at 34-36.)  Plaintiff originally named the following Defendants in this action: Marina Associates, doing business as Harrah's Casino Hotel Atlantic City (hereinafter, "the Casino"); Alexander Lovas; Vance Thompson; Anne Haag (collectively, "the Casino Defendants"); as well as the New Jersey Division of Gaming Enforcement (hereinafter, "the DGE"), Josh Lichtblau, Mark Kosko (hereinafter, "Defendant Kosko"); and George Morton, Esq. (collectively, "the State Defendants").  (Id. at 2.)

Plaintiff's claims stem from an underlying incident which occurred at the Casino on May 15, 2006.  (Id. at 3.)  While at the Casino that afternoon, Plaintiff approached what he believed to be an unoccupied slot machine which still had credits available to play on the machine.  (Id.)  At that time, Plaintiff inserted his own money voucher into the slot machine, played several times, cashed out, and left the machine.  (Id.)  As Plaintiff walked away from the machine, Sharon Fedaczynsky, another Casino patron, approached Plaintiff and asked if Plaintiff had taken her money from that machine because she had been playing that machine with approximately $140 in credit remaining.  (Id.)  After Plaintiff told Ms. Fedaczynsky to find a Casino attendant to resolve the issue, Plaintiff was approached by two Casino security personnel who informed Plaintiff that he had been captured on camera stealing Ms. Fedaczynsky's money voucher from that slot machine.  (Id. at 3-4.)

Plaintiff denied this allegation and requested police assistance to resolve the matter. (Id. at 4.) Sometime thereafter, Defendant Kosko, an officer of the Division of Gaming Enforcement, New Jersey State Police, arrived on the scene. (Id.) Defendant Kosko then informed Plaintiff for a second time that the incident involving the slot machine and the money voucher was on a surveillance tape within the Casino. (Id.) Upon Plaintiff's second denial of any wrongdoing, Plaintiff, Defendant Kosko, and the two security personnel proceeded to an upstairs in-house DGE security office where Plaintiff waited as Defendant Kosko spoke with Ms. Fedaczynsky and viewed the surveillance tape. (Id.)

Defendant Kosko requested that Plaintiff turn over the money voucher, and Plaintiff responded by producing a blank voucher previously shown to Ms. Fedaczynsky. (Id.) Subsequently, Defendant Kosko searched Plaintiff's bag but did not find the money voucher. (Id.) Shortly thereafter, Defendant Kosko informed Plaintiff that there was a warrant out for his arrest for a violation of probation. (Id. at 5.) Plaintiff denied the validity of the warrant and further denied that he had ever been on probation. (Id.) In relation to this underlying incident, Plaintiff was charged with the theft of another Casino patron's slot voucher. (Id.) In July 2007, when the prosecution was unprepared to proceed at trial on the charges against Plaintiff,

the municipal judge granted Plaintiff's request to have the case against him dismissed. (Id.)  In May of 2008, Plaintiff filed his complaint in this action which was later amended on several occasions. (Id.)

By Opinion and Order dated September 27, 2010, the Court granted in part and denied in part two cross-motions for summary judgment, one by the State Defendants and one by the Casino Defendants, which were filed in response to Plaintiff's motion for summary judgment and his "Renewed/Supplemental" motion for summary judgment. (Id. at 2.)  The September 27, 2010 Opinion further denied Plaintiff's motions. (Id.)  With regard to Plaintiff's Section 1983 claims, the Court granted Defendants' motions finding that the State Defendants and the Casino Defendants were entitled to summary judgment on Plaintiff's claims for malicious prosecution, false arrest, false imprisonment, abuse of process, and conspiracy. (Id. at 19, 25, 31.)  The Court also granted summary judgment in favor of the State Defendants and the Casino Defendants on Plaintiff's claim under Section 1981. (Id. at 28.)

After dismissing all of Plaintiff's federal claims, the Court was inclined to refrain from exercising supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367.  However, in light of Plaintiff's pro se status, and "in the interests of fairness and prudence," the

5

Court ordered Plaintiff to show cause within twenty days why the Court should exercise supplemental jurisdiction. (Id. at 36.) Therefore, to the extent Defendants sought summary judgment on Plaintiff's state law claims, their respective motions were denied. (Id.)

After the Court issued the September 27, 2010 Opinion and Order, Plaintiff filed a motion [Doc. No. 66] for default judgment and a motion [Doc. No. 67] seeking review of the Court's September 27, 2010 Opinion. By Memorandum Order dated June 29, 2011, the Court denied Plaintiff's motion for default judgment. (Mem. Order [Doc. No. 75] 8-9, June 29, 2011.) With respect to Plaintiff's motion seeking review of the September 27, 2010 Opinion, the Court addressed Plaintiff's motion under Federal Rule of Civil Procedure 60(b) regarding relief from a judgment or order, and pursuant to Local Civil Rule 7.1(i) regarding reconsideration of the Court's prior Opinion. (Id. at 2-7.)

Upon review, the Court found that Plaintiff alleged in his Third Amended Complaint that he suffered an illegal search when Defendant Kosko purportedly "unlawfully searched his bag without consent[.]" (Id. at 7.) This claim was not briefed by the parties on the motions for summary judgment and was not addressed in the Court's September 27, 2010 Opinion. Accordingly, liberally construing Plaintiff's pro se complaint, the Court found that Plaintiff "stated a colorable cause of action pursuant

6

to 42 U.S.C. § 1983 for an illegal search of his possessions[.]" (Id.)  Thus, the Court permitted Plaintiff to "proceed with his Section 1983 claim for an unreasonable search, and in turn, his remaining state law claims[.]"  (Id.)  Subsequently, the State Defendants filed the present motion for summary judgment.

### III. DISCUSSION

Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56).  An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d

Cir. 2004) (citing <u>Anderson</u>, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex</u>, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." (citation omitted); <u>see also</u> <u>Singletary v. Pa. Dept. of Corr.</u>, 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing" –- that is, pointing out to the district court –- that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof.") (citing <u>Celotex</u>, 477 U.S. at 325).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. <u>Celotex</u>, 477 U.S. at 324. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by

8

the moving party.  Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**IV.  ANALYSIS**

In the present motion, the State Defendants argue that with respect to the search of Plaintiff's bag, "it can be concluded that [Defendant] Kosko performed a lawful search incident to an arrest in accordance with the constitutional standards of the Fourth Amendment and the Chimel decision."  (Br. of State Defs. in Supp. of Their Mot. for Summ. J. [Doc. No. 77-1] 12.)  The State Defendants assert that "[a]s long as [Defendant] Kosko had a reasonable basis to believe that [Plaintiff] committed a crime, the search and arrest [were] justified as being based on probable cause."  (Id. at 9.)

Further, the State Defendants rely on the Court's prior determination that "'given the totality of the circumstances, including the surveillance footage, Fedaczynsky's account of the events, and the outstanding warrant, [Defendant] Kosko had probable cause to believe that [Plaintiff] had committed an unlawful offense'."  (Id. at 9-10) (citing Op. [Doc. No. 64] 16, Sept. 27, 2010).  Based on the Court's prior finding, the State Defendants contend that Defendant Kosko's search of Plaintiff's

9

bag "was valid under the Fourth Amendment." (Br. of State Defs. in Supp. of Their Mot. for Summ. J. [Doc. No. 77-1] 10.)

As recognized by the Third Circuit, "[t]he Fourth Amendment protects the right to be free from 'unreasonable searches and seizures.'" United States v. Johnson, 432 F. App'x 118, 120 (3d Cir. 2011) (citing U.S. CONST. amend. IV).  "[T]he Supreme Court defines 'seizure' in general terms: 'a person has been "seized" within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" Schneyder v. Smith, 653 F.3d 313, 322 (3d Cir. 2011) (citing California v. Hodari D., 499 U.S. 621, 627–28 (1991)) (emphasis omitted).

With respect to seizures, "[a]n arrest, of course, qualifies as a 'seizure' of a 'person' under [the Fourth Amendment]..., and so must [also] be reasonable under the circumstances." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (citing Dunaway v. New York, 442 U.S. 200, 207-08, (1979)).  More generally though, "[a] seizure occurs when a police officer uses physical force to restrain a suspect or when a suspect submits to an assertion of authority." Johnson, 432 F. App'x at 120 (citing Hodari D., 499 U.S. at 626).  Relevant to Plaintiff's claim here, "[a] suspect submits to an assertion of authority when he 'manifests compliance with police orders.'" Johnson, 432 F. App'x at 120

10

(citing United States v. Waterman, 569 F.3d 144, 146 n.3 (3d Cir. 2009)).

Further, the Fourth Amendment's prohibition on unreasonable searches "provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'"  United States v. Waters, 428 F. App'x 155, 161 (3d Cir. 2011) (citing U.S. CONST. amend. IV.).  As recognized by both the Third Circuit and the Supreme Court, "[a] search is per se unreasonable, subject to a few limited exceptions, unless it is effectuated with a warrant based on probable cause."  Waters, 428 F. App'x at 161 (citing Katz v. United States, 389 U.S. 347, 357 (1967)).  However, once a seizure has occurred, "the well-established exception for searches incident to a lawful arrest allows the police to search an arrestee's person and the areas from which 'he might gain possession of a weapon or destructible evidence' without running afoul of the Fourth Amendment."  Johnson, 432 F. App'x at 120 (citing Arizona v. Gant, 556 U.S. 332, 339 (2009)).

Here, the record clearly indicates that Plaintiff was seized and arrested within the meaning of the Fourth Amendment.  First, Plaintiff was taken into custody by two Casino security personnel and Defendant Kosko regarding the theft of Ms. Fedaczynsky's voucher and was then escorted to an up-stairs security office,

11

off of the Casino gaming floor, where he was advised of his Miranda rights. (Br. of State Defs. in Supp. of Their Mot. for Summ. J., Statement of Material Facts [Doc. No. 77-1] ¶¶ 1-3.) Plaintiff testified that the room to which Defendant Kosko directed him in the security office "look[ed] like a holding cell, like you see on TV, [with] a bench with a rail for you to be handcuffed" to. (Dep. of Earl Hickson, Ex. B to Defs.' Mot. for Summ. J. [Doc. No. 77-4] (hereinafter, "Hickson Dep.") 86:4-7.)

Plaintiff further testified that once inside the security office, Defendant Kosko told him that if Plaintiff turned over the stolen voucher, Plaintiff would be released. (Br. of State Defs. in Supp. of Their Mot. for Summ. J., Statement of Material Facts [Doc. No. 77-1] ¶ 4; see also Hickson Dep. 86:15-16) (stating that Defendant Kosko told Plaintiff "'look give me the ticket and you can go.'"). Upon being asked to turn over the voucher, Plaintiff complied and turned over a blank voucher from his pants' pocket, the one he had previously shown to Ms. Fedaczynsky. (Hickson Dep. 86:16-18.)

Under these circumstances, where Plaintiff was accused of stealing the voucher by the alleged victim, was approached by security personnel and a DGE officer, was escorted to an upstairs security office, was read his Miranda rights, remained in what looked like a "holding cell", and was told he could leave if he

turned over the voucher, it is clear that Plaintiff was seized and arrested within the meaning of the Fourth Amendment.  First, a reasonable person facing the same circumstances which Plaintiff experienced would not have believed that he was free to leave.  Specifically, where Defendant Kosko explicitly told Plaintiff that he would be released upon returning the voucher, that statement would clearly indicate to a reasonable person that he was not free to leave of his own accord – that his ability to leave was dependant upon compliance with a particular condition.  See Schneyder, 653 F.3d at 322.  Second, Plaintiff was seized within the meaning of the Fourth Amendment because he submitted to the assertion of Defendant Kosko's authority by manifesting compliance with Defendant Kosko's orders such that Plaintiff: agreed to be escorted to the security office, (see Hickson Dep. 85:11-15), turned over a voucher from his pocket at Defendant Kosko's request, (see id. at 86:15-18), and remained in the security office at Defendant Kosko's instruction while Defendant Kosko talked to Ms. Fedaczynsky and viewed the surveillance tape, (see id. at 87:3-5, 88:18-25, 89:21-90:12).  See Johnson, 432 F. App'x at 120.[1]

---

1. Although Plaintiff testified that Defendant Kosko handcuffed him and "told [Plaintiff he] was under arrest" after these other circumstances occurred, (see Hickson Dep. 91:15-18), the use of the word "arrest" and the time at which Plaintiff was handcuffed do not define when Plaintiff was actually seized for purposes of the Fourth Amendment.

However, the seizure/arrest of Plaintiff did not violate the Fourth Amendment in this case.  As the Court previously found, Defendant Kosko "had probable cause to believe [Plaintiff] had committed an unlawful offense" in light of the "totality of the circumstances, including the surveillance footage, [Ms.] Fedaczynsky's account of the events, and the outstanding warrant[.]"  (Op. [Doc. No. 64] 16, Sept. 27, 2010.)  In granting summary judgment to the State Defendants on Plaintiff's Section 1983 claim for false arrest, the Court specifically held that Defendant Kosko "had probable cause to believe that [Plaintiff] may have stolen Fedaczynsky's voucher" such that Defendant Kosko "had probable cause to detain or arrest" Plaintiff.  (Id. at 15.)  Accordingly, because Defendant Kosko had probable cause, this seizure and arrest of Plaintiff was valid and did not violate Plaintiff's Fourth Amendment rights.

To the extent Plaintiff asserts a claim for an illegal search of his bag in violation of the Fourth Amendment, Plaintiff's claim must fail because Defendant Kosko's search of Plaintiff's bag qualifies under the exception to the warrant requirement for searches incident to a lawful arrest.[2]

---

2.  Plaintiff testified that he specifically informed Defendant Kosko that he did not have any drugs or weapons in his bag and that he expected to maintain privacy with respect to his personal belongings.  (Hickson Dep. 89:8-11.)  While Plaintiff did not consent to the search, Defendant Kosko's search was a lawful search incident to the seizure and arrest of Plaintiff, and thus, Defendant Kosko did not need Plaintiff's consent.

14

Specifically, at the time Defendant Kosko searched Plaintiff's bag, Plaintiff had been seized and arrested. As the Court previously held, probable cause existed under the totality of the circumstances at the time for Defendant Kosko to seize and arrest Plaintiff. Therefore, the search of Plaintiff's bag, which occurred after Plaintiff was seized in this case, was a lawful search incident to his seizure and arrest. Specifically, the subsequent search of Plaintiff's bag was lawful because the bag was within an area from which Plaintiff might gain possession of the bag and any destructible evidence therein -- i.e., the paper slot machine voucher -- particular where Casino security personnel indicated to Defendant Kosko that Plaintiff accessed his bag prior to being taken into custody. See, e.g., Johnson, 432 F. App'x at 121 ("After making a valid arrest, the Fourth Amendment did not prohibit [a police officer] from conducting a reasonable search of [a criminal defendant's] person because this was an area from which [the defendant] 'might gain possession of a weapon or destructible evidence.'") (citation omitted); Booker v. United States, No. 09-779, 2010 WL 2985982, at *6 (D.N.J. July 26, 2010) (recognizing that where a "warrantless arrest was based on probable cause, ... both the arrest and subsequent search incident to the arrest [were] lawful.").

Accordingly, because Defendant Kosko's search of Plaintiff's bag was lawful and did not violate Plaintiff's constitutional

15

rights, summary judgment must be granted in favor of the State Defendant's with respect to Plaintiff's only remaining federal claim for an illegal search of his possessions.  Plaintiff's remaining federal claim for an allegedly illegal search is therefore dismissed with prejudice.

At this juncture, the Court has dismissed with prejudice all of Plaintiff's federal claims.  Plaintiff's only remaining claims arise pursuant to New Jersey state law.  When the Court previously granted summary judgment to Defendants on all of Plaintiff's federal law claims, the Court questioned "whether any considerations of judicial economy, convenience, or fairness would warrant its continued adjudicate of this case" and expressed the inclination to "refrain from exercising supplemental jurisdiction in this case[.]" (Op. [Doc. No. 64] 36, Sept. 27, 2010.)  Accordingly, the Court ordered Plaintiff to show cause within 20 days as to why the Court should exercise supplemental jurisdiction over Plaintiff's pendant state law claims.  (Id.)  In Plaintiff's motion [Doc. No. 67] seeking review of the Court's September 27, 2010 Opinion and Order, Plaintiff purports to respond to the Court's order to show cause. (Mot. For Revision of the Court's Sep. 27, 2010 Order and Op. [Doc. No. 67] 4.)  However, Plaintiff's motion fails to actually address the issue of whether the Court should exercise supplemental jurisdiction over the remaining state law claims.

16

The Court, having now dismissed Plaintiff's sole remaining federal claim, again questions whether the exercise of supplemental jurisdiction is appropriate in this case, but will, in the interests of justice, provide Plaintiff with one last opportunity to demonstrate why the Court should exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff is again ordered to show cause within twenty (20) days of the entry of this Opinion why the Court should exercise supplemental jurisdiction over Plaintiff's state law claims. Defendants shall have seven (7) days from the submission of Plaintiff's response to the order to show cause to file their own responses on the issue of supplemental jurisdiction. Plaintiff is hereby on notice that if Plaintiff fails to respond within the time specified above, the Court will decline the exercise of supplemental jurisdiction over Plaintiff's state law claims, will dismiss those state law claims without prejudice, and will direct the Clerk of Court to close this case.

**V.    CONCLUSION**

For the foregoing reasons, the State Defendants' motion [Doc. No. 77] seeking summary judgment is granted with respect to Plaintiff's claim for an illegal search and that claim is thus dismissed with prejudice. However, the motion is denied to the

extent it seeks summary judgment on Plaintiff's remaining state law claims.  Additionally, the Court orders Plaintiff to show cause why, the Court should exercise supplemental jurisdiction over Plaintiff's remaining state law claims in the absence of any pending federal claims.  An Order consistent with this Opinion will be entered.


Dated: March 28, 2012             /s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.